IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. WR-75,935-01






EX PARTE JESUS GUERRA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-CR-1898-B IN THE 117TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
burglary of a habitation and sentenced to fifteen years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel
failed to timely file a notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000); Whitehead v. State, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall obtain a response from counsel regarding Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether Applicant informed counsel that he
wished to appeal this cause. If so, the trial court shall make findings as to what actions, if
any, counsel performed to make sure Applicant's right to appeal was preserved. The trial
court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The
trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: June 29, 2011

Do not publish